**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JUSTIN HUNTER, | : | MOTION TO VACATE |
|     Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:08-CR-0168-ODE-JFK |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | CIVIL FILE NO. |
| | : | 1:11-CV-1144-ODE-JFK |

**MAGISTRATE JUDGE'S FINAL
REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. No. 100), Respondent's response, (Doc. No. 105), and Movant's reply, (Doc. No. 107). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.    Background**

The Grand Jury indicted Movant on four counts, Count Four being that Movant, after previously having been convicted of a crime punishable for a term exceeding one year,[1] had possessed a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).

---

[1] Movant stipulated that he had been so convicted. (Doc. No. 67).

(Doc. No. 1). Movant pleaded not guilty and proceeded to trial represented by Natasha Perdew-Silas and Jake Waldrop. (Doc. Nos. 6, 92). The jury found Movant not guilty on Counts One through Three and found him guilty on Count Four. (Doc. No. 73). The Pre-Sentence Investigation Report ("PSI") shows that Movant's guidelines range was 262-327 months and that he was subject to a 180-month mandatory minimum sentence under 18 U.S.C. § 924(e).[2] (PSI, Part D). The PSI lists the following qualifying convictions: (1) a 2001 conviction for aggravated assault; (2) a 2002 DeKalb County conviction for possession with intent to distribute marijuana, No. 01-CR4484 (hereinafter 2002 conviction); and (3) a 2003 conviction for possession with intent to distribute cocaine. (PSI ¶¶ 27, 29, 31; Doc. No. 89 at 6-7). At sentencing, counsel agreed that § 924(e) applied and asked the Court to sentence Movant to no more than the 180-month mandatory minimum, below the guidelines range. (Doc. No. 89 at 9-10, 19). The Court sentenced Movant to 180 months of imprisonment. (Id. at 27-28; Doc. No. 77). Movant appealed, and the Eleventh Circuit Court of Appeals affirmed on April 19, 2010. United States v. Hunter, 373 F. App'x 973 (11th Cir. 2010). Movant presents one ground for relief in his § 2255 motion: that he "does not

---

[2]As discussed *infra* in part III of this Recommendation, § 924(e) requires a sentence of not less than fifteen years when a person convicted under § 922(g) has three prior qualifying convictions.

meet the criteria for [§924(e)] sentencing and by counsel's written statement and arguments to the district court that he does is ineffective assistance of counsel." (Doc. No. 100, Ground One).

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted[.]" United States v. Frady, 456 U.S. 152, 164 (1982). Claims that a § 2255 movant could have asserted on direct appeal, but did not, generally are procedurally barred absent (1) a showing of cause for the default and actual prejudice or (2) a showing of a fundamental miscarriage of justice or actual innocence. McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011). Within this framework, a constitutional claim of ineffective assistance of counsel, if not otherwise waived, is properly raised on collateral review in order to allow for adequate development and presentation of the facts pertinent to such a claim. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

The Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (internal quotation marks omitted) (quoting § 2255). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the [Movant's] allegations are affirmatively contradicted by the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (internal quotation marks omitted) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)). Because, as indicated by the discussion below, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, an evidentiary hearing is not warranted.

## III. Discussion

Movant contends that his 2002 conviction for possessing marijuana with intent to distribute does not qualify under § 924(e). (Doc. No. 100 at 5-6). Movant has submitted copies of (1) the accusation in that case, which accused him of possessing marijuana with the intent to distribute but did not identify the applicable Georgia code

4

section; (2) the "transcript[,]"³ showing that Movant agreed that the district attorney had recommended "6 years" and that the maximum sentence was "30[,]" and (3) the final disposition, showing that he pleaded guilty and that the court imposed a felony sentence and sentenced him to a ninety-day term (less than Georgia's mandatory minimum for possessing marijuana with the intent to distribute).⁴ (Id., Attachs.). Movant asserts that the charging and sentencing documents are ambiguous, that the government did not prove by a preponderance of the evidence that the 2002 conviction actually qualified as a serious drug offense, that counsel's representation on the matter at his federal sentencing was ineffective, and that "one can only presume that the so-called predicate conviction . . . was a misdemeanor offense[.]" (Doc. No. 100 at 5-6).

The government argues that counsel's representation of Movant was not deficient and that Movant cannot show prejudice because he was charged with the

---

³The "transcript" is a form showing Movant's answers to questions during the plea hearing. (Doc. No. 1, Attach.).

⁴Georgia law dictates that anyone who possesses with intent to distribute marijuana "shall be punished by imprisonment for not less than one year nor more than ten years." O.C.G.A. § 16-13-30(j)(2). Notwithstanding, Georgia law also allows a court to impose a reduced sentence based on substantial assistance. O.C.G.A. § 16-13-30(g)(2); Eidman v. State, 295 Ga. App. 304, 304, 671 S.E.2d 292, 293-94 (2008) (discussing the court's authority under § 16-13-30(g)(2) to impose a sentence below the mandatory minimum).

5

crime of possessing marijuana with the intent to distribute, Georgia law makes that crime punishable "'for not less than one year nor more than ten years[,]'" and it, therefore, qualifies as a serious drug offense under 18 U.S.C. § 924(e)(2)(A)(ii).[5] (Doc. No. 105 at 9-10 (citing O.C.G.A. § 16-13-30(j)(2))).

Movant replies that counsel was ineffective in failing to investigate the "fraudulent"[6] documentation on his 2002 conviction and that, had counsel performed to the standard guaranteed by the Constitution, (1) he would successfully have challenged the use of the 2002 conviction based on its ambiguity as to the crime to which Movant pleaded guilty and (2) Movant would not have been subject to § 924(e). (Doc. No. 107 at 2-5).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To

---

[5]The government also states that, if the 2002 conviction had not been counted, Movant still would have three qualifying convictions. (Doc. No. 105 at 6). The government, however, does not identify a conviction to replace the 2002 conviction.

[6]Movant also contends that there was a "conspiracy" to present fraudulent documents to the court, i.e., the documents regarding his 2002 conviction. (Doc. No. 107 at 3-4). However, Movant himself relies on the documentation to support his argument that the 2002 conviction was not a qualifying offense under § 924(e). Accordingly, the Court does not construe Movant's assertion of conspiracy/fraud as more than an assertion that the documentation at issue was wrongly relied on for sentencing purposes because of its alleged ambiguity.

6

show constitutionally ineffective assistance of counsel, a petitioner must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. See Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000). The petitioner has the burden of establishing his claim by a preponderance of competent evidence. Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).

Section 924(e) of Title 18 applies when a person violates § 922(g) and has three prior convictions for a violent felony or serious drug offense, or both. A serious drug offense, the matter at issue here, includes an offense under State law that involves

AO 72A
(Rev.8/82)

possessing with intent to distribute a controlled substance "for which a maximum term of imprisonment of ten years or more is prescribed by law[.]" 18 U.S.C. § 924(e)(2)(A)(ii). Under § 924(e), once the government at sentencing has shown that the defendant has three qualifying convictions, the burden shifts, and "[t]he defendant must then point out any defects in a particular prior conviction." United States v. Ruo, 943 F.2d 1274, 1276 (11th Cir. 1991). To determine whether a prior conviction is a qualifying offense under § 924(e), the sentencing court generally looks at the judgment of conviction and the statute under which the defendant was convicted. See United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 and nn.2, 3 (11th Cir. 2006). If "the judgment of conviction and statute are ambiguous," the Court looks at the underlying facts, limited to such materials as the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" Id. at 1273-74 (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

To succeed on his ineffective assistance of counsel claim, Movant must demonstrate by a preponderance of evidence that, had sentencing counsel launched an objection to using the 2002 conviction as a qualifying conviction under § 924(e), there is a reasonable probability that he would have succeeded and the outcome would have

8

been different. Movant fails. The material supplied by Movant shows that he was charged with possessing marijuana with intent to distribute. Although the charging document does not state the code section under which Movant was charged, under Georgia law, O.C.G.A. § 16-13-30(j) governs that crime, and Movant does not show otherwise. The material submitted by Movant also shows that he agreed that the district attorney had recommended a six year sentence, which accords with the sentencing range for possessing marijuana with intent to distribute (punishable from one to ten years). See id. Further, the applicable statute does not, on its terms, foreclose a sentence under the mandatory minimum. Moreover, Movant never asserts that he actually pleaded guilty to a misdemeanor drug offense. Rather, he contends that – because of the ambiguity in the plea transcript which states the maximum sentence could be "30" and the ambiguity created by his receiving a sentence below Georgia's required statutory minimum – "one can only presume that the so-called predicate conviction . . . was a misdemeanor offense[.]" (Doc. No. 100 at 5-6). However, the judgment of conviction (sentencing document) unambiguously specifies that the court imposed a felony sentence as evidenced by the check mark in the block next to the words "FELONY SENTENCE." (Id., Attach. at 4). Movant's argument does not meet his burden. It is not reasonably probable, had counsel presented the

9

argument that Movant now presents, that the Court would have determined that the 2002 conviction was for anything other than possessing marijuana with intent to distribute, in violation of O.C.G.A. § 16-13-30(j). Accordingly, it is recommended that Movant's ground for relief fails.[7]

## IV. <u>Certificate of Appealability (COA)</u>

Rule 11 of the Rules Governing § 2255 Cases requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v.

---

[7]To the extent Movant may have intended to bring a challenge to his § 924(e) enhancement, separate from his ineffective assistance of counsel claim, such challenge would fail because it procedurally defaulted and barred from review based on Movant's failure to raise the issue on direct appeal. As indicated in the above discussion, Movant has presented nothing to overcome that bar.

10

Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (internal quotation marks omitted) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

A COA is unwarranted because it is not debatable that Movant has not met his burden of showing that counsel provided ineffective assistance. If the Court adopts this recommendation and denies a COA, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion, (Doc. No. 100), to vacate, set aside, or correct his federal sentence be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral to the Magistrate Judge.

11

**IT IS SO RECOMMENDED and DIRECTED** this 12th day of January, 2012.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE